# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JEROME A. OSBORNE**
**United States Army, Appellant**

ARMY 20130545

Headquarters, Fort Drum
Elizabeth Kubala, Military Judge
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate

For Appellant: Major Amy E. Nieman, JA; Major Robert N. Michaels, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

30 September 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of failure to obey a general regulation, making a false official statement, aggravated sexual assault, and possession of a loaded firearm in violation of New York penal law (charged under 18 U.S.C. § 13, Federal Assimilative Crimes Act), in violation of Articles  92, 107, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 920, and 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for four years, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved fifteen months of confinement, but otherwise approved the adjudged sentence.  The convening authority also credited appellant with fifteen days against his sentence to confinement.

Appellate defense counsel submitted this case on its merits, and appellant personally raised issues pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.  However, one additional issue merits discussion and relief, and we will grant relief in our decretal paragraph.

## LAW AND DISCUSSION

On 27 February 2013, appellant brought his unregistered and loaded 9mm automatic pistol into barracks on Fort Drum. Immediately thereafter, appellant transported this loaded firearm in a vehicle's center console, where it was discovered by military police upon appellant's on-post apprehension.

For the above misconduct, appellant was charged with and convicted of wrongfully possessing a firearm not registered with the Fort Drum Provost Marshal Office, in violation of Fort Drum Pamphlet 600-5, paragraph 13(f)(1). He was also charged with and convicted of wrongfully possessing that same firearm in a barracks building, in violation of Fort Drum Pamphlet 600-5, paragraph 13(f)(2). He was also charged with and convicted of possessing that same loaded firearm in violation of Article 265.03(3) of the New York Penal Law.

At trial, defense counsel moved to dismiss the regulatory violations or, in the alternative, merge them with the assimilated New York offense for purposes of sentencing. The military judge determined that there was no unreasonable multiplication of charges for findings, but did merge all three respective firearms specifications into one offense for sentencing purposes.

Pursuant to Rule for Courts-Martial 307(c)(4), "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Our superior court, in *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001), and *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012), has identified factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

In this case, when finding no unreasonable multiplication of charges for purposes of findings, the military judge determined that the three offenses addressed the three distinct criminal acts of 1) failing to register the weapon with the Provost Marshal, 2) possessing that unregistered weapon in the barracks, and 3) possessing that weapon while it was loaded. Our analysis of these similar and related offenses is made relatively easy by the fact that we are not convinced appellant's admitted misconduct is precisely and accurately addressed by the specific regulatory provisions of which he stands convicted of violating.

Specification 1 of Charge II alleges a violation of paragraph 13(f)(1) by *possessing* a firearm unregistered with the Fort Drum Provost Marshal Office. In actuality, that paragraph addresses the mandatory on-post registration and state licensing of privately owned firearms *maintained, used, or stored* on-post. Granted the line between possession and maintenance may be very thin, but possession is more explicitly covered in paragraph 13(f)(2) of Fort Drum Pamphlet 600-5.

Specification 2 of Charge II alleges a violation of the aforementioned paragraph 13(f)(2) by wrongfully possessing a firearm in a barracks building. The providence inquiry established that this specification was intended to address the aspect that the firearm was brought into the barracks. While paragraph 13(f)(2) does generally address the storage, transport, use, or possession of privately owned firearms on-post, it does not expressly mention the barracks or troop billets. In fact, the military judge, when discussing this specification, had to refer back to the prohibition found in paragraph 13(f)(1) against storing privately owned firearms in troop billets. Ironically, para. 13(f)(2) does specifically prohibit the transport of a loaded firearm, the very misconduct addressed by Specification 1 of Charge III.

As the military judge pointed out, the three offenses concerning the firearm all allege the possession of "the same weapon, on the same night, at the same place-- here at Fort Drum, New York." Three convictions for this singular act of possession misrepresent and exaggerate appellant's criminality, at least with respect to this firearm. Accordingly, regardless of whether it is based upon improper charging of the wrong regulatory paragraph, an improvident plea of guilty, or an unreasonable multiplication of charges, we have decided to set aside the findings of guilty to Charge II and its specifications. Appellant's criminal behavior of the wrongful possession of an unregistered, loaded firearm in the barracks and elsewhere on Fort Drum is adequately and most accurately covered by his conviction of assimilated New York law under Article 134, UCMJ.

**CONCLUSION**

The finding of guilty of Specifications 1 and 2 of Charge II and Charge II are set aside and those specifications and charge are dismissed. We AFFIRM the remaining findings of guilt.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles and non-exhaustive list of factors articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Here, all four enumerated *Winckelmann* factors support our ability to reassess appellant's sentence. 73 M.J. at 15-16. First, the military judge, after convicting appellant of all three firearms offenses, found that "it [was] appropriate to merge Specifications 1 and 2 of Charge II and Specification 1 of Charge III into one for sentencing purposes." Thus, with respect to the first factor, we find our dismissal of Specifications 1 and 2 of Charge II does not result in a change in penalty landscape or exposure. Considering factor two, appellant was sentenced by a military judge alone. As for factor three, we find the nature of the remaining firearms conviction not only captures the gravamen of all three offenses of which appellant was initially convicted, but as discussed above, it necessarily incorporates the same misconduct found in the now dismissed specifications. Finally, in regards to the fourth factor, the remaining offenses are the type of offenses with which we have the experience and familiarity to reliably determine what sentence would have been imposed.

After reassessing the sentence and the entire record, we AFFIRM the approved sentence. We find this purges the error in accordance with *Sales* and *Winckelmann*, and is also appropriate under Article 66(c), UCMJ. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court